JEFFREY J. ZUBER (SBN 220830)
*jzuber@zuberlawler.com*
**ZUBER LAWLER LLP**
350 S. Grand Avenue, 32nd Floor
Los Angeles, California 90071
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

*Attorneys for Federal Deposit Insurance Corporation as Receiver for First Republic Bank*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PAUL FEINSTEIN,<br><br>　　　　Claimant,<br><br>　v.<br><br>FIRST REPUBLIC SECURITIES COMPANY, LLC and FIRST REPUBLIC MANAGEMENT, INC.,<br><br>　　　　Respondents.<br><br>FIRST REPUBLIC BANK, FIRST REPUBLIC SECURITIES COMPANY, LLC, and FIRST REPUBLIC INVESTMENT MANAGEMENT,,<br><br>　　　　Counterclaimants,<br><br>　v.<br><br>PAUL FEINSTEIN,<br><br>　　　　Counterclaim-Respondent. | Case No. 2:23-cv-03674-GW-AJRx<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW** |

1620-1006 / 4001700.1

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................. 1

II. RELEVANT PROCEDURAL BACKGROUND ............................................... 1

III. ARGUMENT ........................................................................................................ 4

    A. Feinstein's Appeal Under The Federal Arbitration Act Stayed Proceedings In This Court ........................................................................ 4

    B. Feinstein's Motion to Certify Does Not Identify a Controlling Question of Law ....................................................................................... 6

IV. CONCLUSION .................................................................................................... 8

1620-1006 / 4001700.1

i

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S
RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Coinbase, Inc. v. Bielski*,
    599 U.S. 736, 738 (2023) ................................................................................ 4

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
    22 F.4th 1125, 1130 (9th Cir. 2022) ............................................................ 4, 6

*In re Cement Antitrust Litig.*
    *(MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) ................................ 4, 6

*McFarlin v. Conseco Servs., LLC*,
    381 F.3d 1251, 1259 (11th Cir. 2004) ............................................................ 6

**FEDERAL STATUTES**

12 U.S.C. § 1819(b)(2)(B) .................................................................................... 6

12 U.S.C. § 1821(d)(6)(A)(ii) ........................................................................... 2, 6

28 U.S.C. § 1292(b) ..................................................................................... 1, 4, 6

28 U.S.C. § 1441(a) .............................................................................................. 6

9 U.S.C. § 16 ........................................................................................................ 4

ii
FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW

1620-1006 / 4001700.1

The FDIC as Receiver for First Republic Bank ("FDIC") files this Opposition to Plaintiff Paul Feinstein's Motion to Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) ("Motion to Certify"), as follows:

## I. INTRODUCTION

Feinstein asks this Court to certify several of the Court's tentative rulings in this case for interlocutory appeal under 28 U.S.C. § 1292(b). But before filing his Motion to Certify, Feinstein filed a notice of interlocutory appeal as of right from this Court's order denying his motion to compel arbitration. Feinstein's appeal stayed proceedings in this Court, and he does not explain how his Motion to Certify may proceed notwithstanding the stay. Even if his Motion may proceed, Feinstein does not establish that all of section 1292(b)'s certification requirements are met. Accordingly, Feinstein's Motion to Certify should be denied.

## II. RELEVANT PROCEDURAL BACKGROUND

On May 1, 2023, First Republic Bank ("FRB") was closed by the California Department of Financial Protection and Innovation and the FDIC was appointed receiver. ECF 1-3, 1-4. On that date, Feinstein, FRB, and FRB's wholly-owned subsidiaries First Republic Securities Company, LLC and First Republic Investment Management, Inc. ("JPMorgan"),[1] were parties to an arbitration proceeding pending before the Financial Industry Regulatory Authority ("FINRA"). On May 12, 2023, the FDIC removed the FINRA arbitration proceeding to this Court. ECF 1 at 1-2. On January 26, 2024, Feinstein filed a Motion to Remand, or Alternatively, to Compel Arbitration, and for Attorneys' Fees and Costs ("Motion to Remand or Compel").

---

[1] Though JPMorgan Chase Bank, N.A. was not a party to the FINRA arbitration proceeding and is not a party to this case, this Court has used the shorthand "JPMorgan" to refer to First Republic Securities Company, LLC and First Republic Investment Management, Inc. ECF 94 at 2 n.2.

1620-1006 / 4001700.1

1
FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW

ECF 37.  Since then, this Court has issued several substantive orders on Feinstein's Motion to Remand or Compel:

      1.     On April 5, 2024, this Court issued a Tentative Ruling in advance of the April 8, 2024 hearing on the Motion to Remand or Compel.  ECF 57.  In the April 5 Tentative Ruling, this Court stated that while it "would find that the FDIC's removal was deficient, that does not necessarily dictate that this case can or should be returned to the FINRA arbitration[,]" and that "at the hearing the parties should come prepared to discuss how this case should proceed."  *Id*. at 7, 10.

      2.     On May 29, 2024, after supplemental briefing, this Court issued a Tentative Ruling in advance of the May 30, 2024 hearing on the Motion to Remand or Compel.  ECF 74.  The May 29 Tentative Ruling incorporated the April 5 Tentative Ruling "for purposes of discussion[.]"  *Id*. at 2 n.1.  In the May 29 Tentative Ruling, this Court reasoned that "as [it] would find that 12 U.S.C. § 1821(d)(6)(A)(ii) does not automatically divest[] a pre-receivership action from being continued in arbitration to review the disallowance of administrative claims, the operative question then becomes whether the FDIC adequately repudiated the arbitration so that there is no action to continue."  *Id*. at 10.  This Court went on to state that it "is inclined to find that the FDIC provided sufficient notice of its repudiation of the FINRA arbitration to Plaintiff[,]" and "would find that the FDIC's repudiation of the FINRA Arbitration Submission Agreement is sufficient to repudiate its agreement to arbitrate at FINRA all of the claims that it may be liable for here."  *Id*.  Accordingly, this Court concluded that it would deny Feinstein's Motion to Remand or Compel as against the FDIC and that Feinstein's claims against the FDIC should be transferred to either the Northern District of California or the District of Columbia.  *Id*. at 14.  This Court also asked the parties to address at the hearing whether JPMorgan's counterclaims against Feinstein should be referred back to FINRA or transferred to another district court together with Feinstein's claims against the FDIC.  *Id*.

      3.     On June 24, 2024, this Court issued a Ruling on Feinstein's

1620-1006 / 4001700.1

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW

Motion to Remand or Compel. ECF 76. The June 24 Ruling incorporated the April 5 Tentative Ruling "for purposes of discussion[.]" *Id*. at 2 n.1. In the June 24 Ruling, after largely restating its analysis set forth in the May 29 Tentative Ruling, this Court discussed the May 30, 2024 oral argument, denied Feinstein's Motion to Remand or Compel as against the FDIC, and determined that Feinstein's claims against the FDIC should be transferred to either the Northern District of California or the District of Columbia. *Id*. at 14-15. This Court asked Feinstein to advise (a) whether he preferred the Northern District of California or the District of Columbia as the transferee court for his claims against the FDIC; and (b) whether he would agree to send JPMorgan's counterclaims against him back to FINRA on the condition that he be barred from raising any affirmative defense implicating the FDIC or FIRREA. *Id*. at 15. This Court set Feinstein's Motion to Remand or Compel for further hearing, *id*. at 1, and heard argument on July 29, 2024. ECF 87.

       4.     On August 28, 2024, after supplemental briefing, this Court issued a Tentative Ruling in advance of the August 29, 2024 hearing on Feinstein's Motion to Remand or Compel. ECF 94. The August 28 Tentative Ruling referred to the June 24 Ruling as a "tentative ruling" and incorporated it "for purposes of discussion[.]" *Id*. at 2 n.1. In the August 28 Tentative Ruling, this Court stated that "at this time, [it] would find it premature to determine whether or not FIRREA applies to Plaintiff's affirmative defenses outside of his offset defense[,]" and would deny Feinstein's motion to compel arbitration of JPMorgan's counterclaims and transfer the entire case to the Northern District of California (Feinstein's preferred transferee court), "without prejudice" to Feinstein "renew[ing] his motion to compel arbitration of JPMorgan's claims against him as the case develops and greater insight is gained as to whether FIRREA applies." *Id*. at 5.

       5.     On August 29, 2024, after hearing oral argument, this Court adopted the August 28 Tentative Ruling as its Final Ruling, denied Feinstein's motion to compel arbitration in its entirety, and transferred the case to the Northern District

3
FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW

1620-1006 / 4001700.1

1 of California. ECF 95.

2 On September 16, 2024, after reviewing Feinstein's proposed order for interlocutory appeal and conferring with the parties, this Court ordered Feinstein to file a formal motion regarding an interlocutory appeal. ECF 102. On September 23, 2024, Feinstein filed a notice of appeal from the August 29 Final Ruling "denying Plaintiff's Motion to Compel Arbitration[.]" ECF 103 at 1. On September 30, 2024, Feinstein filed his Motion to Certify. ECF 106-1.

## III. ARGUMENT

"Under 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (citation omitted). Courts may permit an interlocutory appeal under section 1292(b) only if three certification requirements are met: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981). Here, Feinstein's notice of appeal stayed proceedings in this Court until that appeal concludes, precluding present action on Feinstein's Motion to Certify. And even if Feinstein's Motion to Certify is not stayed, he fails to establish the "controlling question of law" required for section 1292(b) certification.

### A. Feinstein's Appeal Under The Federal Arbitration Act Stayed Proceedings In This Court.

Section 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16, authorizes a party to take an interlocutory appeal as of right if its motion to compel arbitration under the FAA is denied. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2023). In his Motion to Certify, Feinstein notes that he filed such an appeal on September 23, 2024. ECF 106-1 at 9 n.2. That appeal stays proceedings in this Court. *See Coinbase*, 599

U.S. at 738 (holding that "the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing").

To be sure, the Supreme Court noted that "the district court may still proceed with matters that are not involved in the appeal, such as the awarding of costs and attorney's fees." *Coinbase*, 599 U.S. at 741 n.2.  But that exception to the stay does not apply here because the scope of Feinstein's Motion to Certify overlaps with the scope of his FAA appeal.  In his notice of appeal, Feinstein designates the August 29 Final Ruling—which adopted the August 28 Tentative Ruling—as the order from which he appeals.  ECF 103 at 1.  In his Motion to Certify, Feinstein asks this Court to certify under section 1292(b) its August 28 Tentative Ruling, June 24 Ruling, and April 5 Tentative Ruling, on the premise that they are directly or indirectly included in this Court's August 29 Final Ruling.[2]  *See* ECF 106-1 at 9 ("[E]ach of these tentative rulings should be certified for interlocutory appeal so that the Ninth Circuit 'may address any issue fairly included' within the final ruling.").  Moreover, Feinstein

---

[2]The Procedural History set forth above supports this premise:  (a) the August 29 Final Ruling adopts the August 28 Tentative Ruling; (b) the August 28 Tentative Ruling incorporates "for purposes of discussion" the June 24 Ruling (which this Court later described as a "tentative ruling"); and (c) the June 24 Ruling incorporates "for purposes of discussion" the April 5 Tentative Ruling.  ECF 76 at 2 n.1; ECF 94 at 2 n.1; ECF 95.  The FDIC assumes that incorporation "for purposes of discussion" means that the substance of the prior order was incorporated in the subsequent order.  That is consistent with this Court's analytical progression in this case — unless this Court determined that the FDIC did not properly remove the FINRA arbitration proceeding to federal court, it would have no need to decide whether Feinstein could comply with 12 U.S.C. § 1821(d)(6) by continuing an arbitration proceeding after his administrative claim was disallowed, or whether the FDIC effectively repudiated FRB's obligation to arbitrate.

raises the appropriateness of compelling arbitration as an issue in both his proposed section 1292(b) appeal and his pending appeal under section 16 of the FAA. *See* ECF 106-1 at 8 (third question presented: "If the answer to Question 2 is no, is the appropriate remedy to compel the parties to return to the underlying arbitration proceeding at FINRA?"); ECF 103 at 1 (designating for appeal order denying motion to compel arbitration).

### B. Feinstein's Motion to Certify Does Not Identify a Controlling Question of Law.

Even if Feinstein's Motion to Certify could move forward despite the *Coinbase* stay, the Motion does not identify a controlling question of law supporting certification under section 1292(b). A question is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement*, 673 F.2d at 1026. And the question "must be one of law—not fact[.]" *ICTSI*, 22 F.4th at 1130; *see McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.").

The Motion to Certify presents three questions:

    1. Do 28 U.S.C. § 1441(a) and 12 U.S.C. § 1819(b)(2)(B) permit the [FDIC] acting as a receiver for a failed bank to remove to federal court an arbitration proceeding administered by FINRA Dispute Resolution Services?

    2. If the answer to Question 1 is no, is the appropriate remedy for the improper removal transferring the case to one of the district courts set forth in 12 U.S.C. § 1821(d)(6)(A), in this case either the U.S. District Court for the Northern District of California or the U.S. District Court for the District of Columbia?

    3. If the answer to Question 2 is no, is the appropriate remedy to compel the parties to return to the underlying arbitration proceeding at FINRA? ECF

106-1 at 8.

Question 1 is a pure question of law, but it is not "controlling" because, under the circumstances of this case, litigation will continue in the district court instead of FINRA regardless of its resolution. This Court stated in its April 5 Tentative Ruling that it would find that the FDIC's removal of the FINRA arbitration proceeding was deficient, but still ultimately denied the Motion to Remand or Compel. And if the Ninth Circuit were to disagree with this Court and resolve Question 1 in the FDIC's favor, it would affirm this Court's denial of the Motion to Remand or Compel.

Originally, Feinstein proposed Question 1 as the sole "controlling question of law" supporting certification. ECF 97-1 at 3. He has since added Questions 2 and 3 concerning the "appropriate remedy" for improper removal, but those also do not qualify because they are not pure questions of law. After stating in its April 5 Tentative Ruling that it would find that the FDIC's removal of the FINRA arbitration proceeding was deficient, this Court did not decide that any such removal, as a matter of law, requires a particular remedy. Instead, recognizing that "[t]his case presents a highly unusual procedural posture[,]" this Court carefully examined the facts concerning the FDIC's repudiation of FRB's obligation to arbitrate, as well as the disputed question of whether each of Feinstein's affirmative defenses to JPMorgan's counterclaims implicates FIRREA or the FDIC. Only then did this Court conclude that denial of Feinstein's Motion to Remand or Compel in its entirety was appropriate. Resolving Questions 2 and 3 would require the Ninth Circuit to do more than answer a discrete question of law. Accordingly, Questions 2 and 3 are not pure questions of law. Because Feinstein has not identified a "controlling question of law," section 1292(b) certification is not warranted.

/ / /

/ / /

/ / /

7

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW

1620-1006 / 4001700.1

## IV. CONCLUSION

For the foregoing reasons, the FDIC respectfully requests that this Court deny Feinstein's Motion to Certify.

Dated: October 9, 2024　　　　　　　　　Respectfully submitted,

**ZUBER LAWLER LLP**
JEFFREY J. ZUBER

By: */s/ Jeffrey J. Zuber*
Attorneys for Federal Deposit Insurance Corporation as Receiver for First Republic Bank

### *Certificate of Compliance*

The undersigned, counsel of record for Federal Deposit Insurance Corporation as Receiver for First Republic Bank, certifies that this brief contains 2695 words, which complies with the word limit of L.R. 11-6.1.

October 09, 2024　　　　　　　　　　　　*/s/ Jeffrey J. Zuber*
　　　　　　　　　　　　　　　　　　　　Jeffrey J. Zuber

8
FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR FIRST REPUBLIC BANK'S RESPONSE TO PLAINTIFF'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW

1620-1006 / 4001700.1