Brandon S. Reif (SBN 214706)
Rachel D. Dardashti (SBN 292126)
**REIF LAW GROUP, P.C.**
315 S. Beverly Drive, Suite 315
Beverly Hills, CA 90212
Telephone: (310) 494-6500
Email: docket@reiflawgroup.com
breif@reiflawgroup.com
rdardashti@reiflawgroup.com

Ross B. Intelisano (*pro hac vice*)
Jessica A. Murzyn (*pro hac vice*)
**RICH, INTELISANO & KATZ, LLP**
183 Madison Avenue, Suite 1601
New York, NY 10016
Telephone: (212) 684-0300
Email: ross@riklawfirm.com
jessica@riklawfirm.com

Attorneys for Plaintiff and Counterclaim-Defendant Paul Feinstein

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PAUL FEINSTEIN, <br><br> Plaintiff, <br><br> vs. <br><br> FIRST REPUBLIC SECURITIES COMPANY, LLC and FIRST REPUBLIC INVESTMENT MANAGEMENT, INC., <br><br> Defendants. | Case No.: CV 23-3674-GW-AJRx <br><br> **ORDER PERMITTING INTERLOCUTORY APPEAL** |

FIRST REPUBLIC BANK, FIRST REPUBLIC SECURITIES COMPANY, LLC, and FIRST REPUBLIC INVESTMENT MANAGEMENT,

    Counterclaimants,

  vs.

PAUL FEINSTEIN,

    Counterclaim-Defendant.

On August 29, 2024, the Court adopted its Tentative Ruling, dated August 28, 2024, denying Plaintiff's motion to remand, or alternatively to compel arbitration and for attorney's fees and costs. ECF Nos. 94, 95. That ruling incorporates the Court's previous tentative rulings, dated April 5, 2024 and June 24, 2024. ECF Nos. 57, 76. The bases for the denial are set forth in those rulings. This Order is intended to elaborate on the proprietary of an interlocutory appeal from the portion of the Court's ruling denying Plaintiff's motion to remand.[1]

Plaintiff's motion to remand turned on the resolution of the following questions:

1. Do 28 U.S.C. § 1441(a) and 12 U.S.C. § 1819(b)(2)(B) permit the Federal Deposit Insurance Corporation ("FDIC") acting as a receiver for a failed bank to remove to federal court an arbitration proceeding administered by FINRA Dispute Resolution Services?

2. If the answer to Question 1 is no, is the appropriate remedy for the improper removal transferring the case to one of the district courts set forth in 12 U.S.C. § 1821(d)(6)(A), in this case either the U.S. District Court for the Northern District of California or the U.S. District Court for the District of Columbia?

3. If the answer to Question 2 is no, is the appropriate remedy to compel the parties to return to the underlying arbitration proceeding at FINRA?

There is substantial ground for difference of opinion over the resolution of these issues and an immediate appeal from the Court's ruling, dated August 28, 2024, will materially

---

[1] Plaintiff has the statutory right to an interlocutory appeal from the portion of the Court's ruling denying his motion to compel arbitration. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 738 (2003) ("When a federal district court denies a motion to compel arbitration, the losing party has a statutory right to an interlocutory appeal.").

1 advance the ultimate termination of this suit. Moreover, the research of the parties and the
2 Court indicates that this issue is unresolved in the Ninth Circuit. For these reasons, an
3 interlocutory appeal pursuant to 28 U.S.C. § 1292(b) is appropriate. The issues certified
4 here shall be consolidated with the Notice of Appeal at the Ninth Circuit filed by Plaintiff
5 on September 23, 2024, exercising his statutory right to an interlocutory appeal from the
6 portion of the Court's ruling denying his motion to compel arbitration.

IT IS SO ORDERED.

Dated: October 21, 2024

_____
HON. GEORGE H. WU,
United States District Judge